❏ Original      ❏ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )    Case No. 23-856M(NJ) |
| Three vehicles located at 3710 W. Good Hope | ) |
| Road, Milwaukee, WI, further described in | ) |
| Attachment A | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the    Eastern    District of    Wisconsin
*(identify the person or describe the property to be searched and give its location):*

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 2/9/2023        *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.    ❏ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Hon. Nancy Joseph    .
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

❏ for _____ days *(not to exceed 30)*    ❏ until, the facts justifying, the later specific date of _____ .

Date and time issued: 1/26/2023 @ 11:50 a.m.

*Judge's signature*

City and state:    Milwaukee, Wisconsin        Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

<u>**ATTACHMENT A**</u>

*Property to be searched*

1. **a Black 2008 Mercedes Benz CLS 500 WI plate 900-ZCS, VIN WDDDJ72X78A125087;**

2. **a 1984 Chevrolet Monte Carlo Coup, WI plate 199-ZAS, VIN 1G1AZ378XER213315**; and

3. **a 2018 silver Nissan Armada, WI plate ADM1888, VIN JN8AY2NC0J9553759.**

## ATTACHMENT B
*Property to be seized*

All records relating to violations of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. .

§§ 1956(a)(1)(B)(i) and 1956(h), including but not limited to:

All bank records, checks, credit card bills, account information, and other financial records;

Financial records, documents, statements, or other evidence of control of bank or other financial accounts and investment funds, money order receipts, postal express or FedEx mail envelopes;

Lists of drug customers and related identifying information;

Types, amounts, and prices of drugs trafficked, as well as dates, places, and amounts of specific transactions;

Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

Indicia of residency;

Safes, vaults, or lock boxes used to store proceeds or records from these crimes;

Proceeds of drug trafficking activities, such as currency, crypto currency, precious metals, jewelry, and documents and deeds reflecting the purchase or lease of real estate, vehicles, precious metals, jewelry, or other items obtained with the proceeds of drug trafficking activities;

Records of off-site storage locations, including but not limited to safe deposit box keys and records, and records and receipts and rental agreements for storage facilities;

Records and information related to travel for purposes of drug trafficking, such as passports, airline tickets, bus tickets, vehicle rental receipts, credit card receipts;

U.S. Currency; and

Cellular telephones, desktop computers, laptop computers, tablets, other communication devices, and electronic storage devices (including but not limited to thumb drives, compact discs, DVDs, floppy discs, external hard drives), and all

electronic storage areas on the device including stored telephone numbers, recently called numbers list, text messages, digital audio and or video recordings, pictures, settings, and any other user defined settings and/ or data.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )        Case No.23-856M(NJ)
)
Three vehicles located at 3710 W. Good Hope Road, )
Milwaukee, WI, further described in Attachment A )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) & 846 | Distribution and conspiracy to distribute cocaine. |
| 18 U.S.C. § 1956 | Money laundering. |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

JEREMY S DORN          Digitally signed by JEREMY S DORN
                       Date: 2023.01.26 11:14:45 -06'00'

*Applicant's signature*

HSI SA Jeremy Dorn

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date:1/26/2023

*Judge's signature*

City and state:  Milwaukee, Wisconsin          Honorable Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, HSI Special Agent Jeremy Dorn, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for warrants to search **a Black 2008 Mercedes Benz CLS 500 WI plate 900-ZCS, VIN WDDDJ72X78A125087**; **a 1984 Chevrolet Monte Carlo Coup, WI plate 199-ZAS, VIN 1G1AZ378XER213315**; and, **a 2018 silver Nissan Armada, WI plate ADM1888, VIN JN8AY2NC0J9553759** (hereinafter **"Subject Vehicles"**), currently located at 3710 W. Good Hope Road, Milwaukee, WI, and further described in Attachment A for the evidence, fruits, and instrumentalities described in Attachment B.

2.      I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations (HSI), assigned to the Resident Agent in Charge (RAC) Milwaukee, Wisconsin.  I have been a federal law enforcement agent for over ten years.  I have received basic criminal investigative training, including thirty-six weeks at the Federal Law Enforcement Training Center (FLETC).  In the course of my work, I have become knowledgeable in the enforcement of federal laws pertaining to narcotics and dangerous drugs. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. Section 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

3. As part of my duties as an HSI Special Agent, I have experience conducting criminal investigations involving narcotics, firearms, gangs, and human smuggling and have participated in the execution of search warrants in such investigations. I am familiar with various methods of smuggling and trafficking narcotics and other controlled substances and the proceeds from sale of such substances. I am also familiar with methods used to evade detection of both the controlled substances and the proceeds from their sale that are used by drug traffickers.

4. Pursuant to my official duties, I am submitting this affidavit in support of an application for a search warrant for violations of federal laws, including violations of Title 21, United States Code, Sections 841(a)(1) and 846 (distribution of controlled substances and conspiracy to distribute controlled substances) and violations of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h) (money laundering and conspiracy to commit money laundering).

5. The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. Throughout this affidavit, reference will be made to case agents or investigators. Case agents or investigators are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your Affiant has had regular contact regarding this investigation. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish

probable cause to believe that evidence of violations set forth above occurred and that probable cause exists to believe that the property described in Attachment A, incorporated herein by reference, contain the items that are described in Attachment B.

<u>**PROBABLE CAUSE**</u>

6.     The United States, including HSI, is conducting a criminal investigation of Antonio LONG, Brian WILBERT, John MARIN, Bobby PERRY, Michelle SABRA, Michael ALEMAN, Fernando TALLEY, Graciela GONZALEZ CRUZ, and others regarding possible violations of Title 21, United States Code, Sections 846, 841(a)(1) (conspiracy to distribute cocaine and distribution of cocaine), and Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h) (money laundering and conspiracy to commit money laundering).

7.     In August 2022, HSI Milwaukee, Milwaukee Police Department Violent Crimes Unit (MPDVCU), along with members of DEA Group 68 initiated an investigation into individuals distributing cocaine throughout Milwaukee, Wisconsin. HSI identified the individuals involved in this cocaine drug trafficking as, among others, Antonio LONG, Brian WILBERT, John MARIN, and Bobby PERRY.

8.      On August 9, 2022, Milwaukee Police Department Violent Crimes Unit (MPDVCU) District 3 executed a Wisconsin State search warrant issued by the Circuit Court of the 1st Judicial District of Wisconsin at 5709 North 78th Street, Milwaukee, Wisconsin.  The occupants of the residence were not present during the execution of the search warrant.  During the search of the residence, Officers from MPDVCU located and seized crack cocaine, marijuana, psilocybin, two handguns (Glock 19 and Sig P365),

various ammunition with high-capacity magazines, high dollar jewelry items, and $10,076.00 in US currency. A black Samsung smartphone was also seized. MPDVCU also seized various scales with narcotic residue on them as well as other narcotic related paraphernalia. Officers of the MPDVCU seized bank documents and invoices that displayed large currency transactions for jewelry, automobiles, and transfers of currency. MPDVCU located documents that indicated the target for the search warrant had a storage unit at W135N8945 Wisconsin 145, Menomonee Falls, Wisconsin in Waukesha County, Wisconsin.

9.      MPDVCU subsequently applied for and obtained an additional Wisconsin State search warrant for storage unit number 515 at W135N8945 Wisconsin 145, Menomonee Falls, Wisconsin. The search warrant was executed at approximately 8:00 PM on August 9, 2022. During the search of the storage unit, officers from the MPDVCU located 21 clear corner cut plastic baggies containing cocaine and five pressed bricks of a cocaine. A combined total of 5.8 kilograms of cocaine was present. MPDVCU Officers located 20 large vacuum sealable plastic bags containing marijuana with a total weight of 18.7 pounds. A .9mm Palmetto State Armory AR-15 (AR Pistol) and a Maverick model 88 12-gauge shotgun with sawed off barrel were located within the storage unit. MPDVCU also located and seized $39,610 in US currency from the unit. All items were seized and inventoried by MPDVCU.

10.     On August 18, 2022, the MPDVCU requested assistance from HSI Milwaukee and DEA Group 68 to assist with the investigation. Through information obtained from a confidential source (CS #1), historical law enforcement records,

electronic surveillance, toll record analysis, social media exploitation, interviews, and open-source databases, HSI Special Agents and MPDVCU Officers determined the source of supply for the cocaine that was seized is the Antonio LONG drug trafficking organization (DTO). This DTO is headed by Antonio LONG, who orchestrates the distribution of kilogram quantities of cocaine across the state of Wisconsin. Investigators have determined that LONG and his DTO obtain and distribute as many as 30 kilograms of cocaine monthly to the Milwaukee, Wisconsin area.

11. For several reasons, case agents believe that CS #1 is reliable and credible. First, CS #1 has been providing information since August of 2022. Second, the information provided by CS #1 is consistent with evidence obtained elsewhere in this investigation where CS #1 was not utilized, and substantial portions of CS #1's information has been corroborated through independent investigation. CS #1 is cooperating for consideration on state drug trafficking charges. CS #1 has prior felony convictions for robbery and a weapons violation. CS #1 has also provided information regarding drug and firearm traffickers who operate in the City of Milwaukee area and based on the information CS #1 has provided, has led directly to the seizure of at least five (5) firearms, large amounts of narcotics (cocaine, fentanyl, and marijuana), and a bulk US currency seizure during the course of CS #1's cooperation. Finally, CS #1 has had an adequate opportunity to directly observe the events discussed and/or has heard conversations directly from the individuals discussed herein. For these reasons, case agents believe CS #1 to be reliable.

12.     CS #1 told case agents that the cocaine is transported via a white Ford Transit van concealed in furniture or within a trap built into the vehicle's floor. The white Ford Transit van bearing Arizona license plate number Z6A6CAA, is registered to Brian WILBERT. CS #1 stated that WILBERT is the primary source of transportation for the LONG DTO. WILBERT is the cousin of LONG and has a residence in Gilbert, Arizona. CS #1 stated that upon receipt of the cocaine, the LONG DTO sells the cocaine by the kilogram, frequently making multiple kilogram sales per customer. CS #1 stated that Bobby PERRY is the brother of LONG and receives up to five kilograms of cocaine from the shipment to sell in smaller portions. PERRY is known to make narcotics sales on the east side of Milwaukee. The LONG DTO has been actively operating in the Milwaukee area for approximately five years.

13.     CS #1 stated that she/he regularly communicates with WILBERT through cellular telephones to coordinate delivery of narcotics over the past five years. CS #1 informed the affiant that WILBERT will go to Los Angeles, California twice a month to pick up narcotics and then transport them to Milwaukee, Wisconsin. WILBERT would contact CS #1 to coordinate the "drop" of cocaine and marijuana. Shipments of cocaine and marijuana were delivered to locations in Milwaukee, Wisconsin monthly and on several occasions biweekly for the last five years. Throughout the duration of the shipment, CS #1, WILBERT, and LONG would maintain contact to ensure delivery of the narcotics. After CS #1 received shipments of narcotics, CS #1 would contact PERRY and coordinate the delivery/pickup of five kilograms of cocaine to which CS #1 would deliver to PERRY to sell for the LONG DTO

on the east side of Milwaukee, Wisconsin. CS #1 stated that PERRY lives at 3710 W. Good Hope Road, Milwaukee, Wisconsin, and s/he has delivered kilograms of cocaine to PERRY at that residence on multiple occasions.

14. On September 7, 2022, HSI and DEA Group 68 conducted a forensic analysis of the cellular telephone that was seized from the search warrant conducted at 5709 North 78th Street, Milwaukee, Wisconsin. A review of the SMS text messages revealed conversations between CS #1 and LONG. The text thread covered a period from May through August 2022 and detailed conversations between CS #1 and LONG discussing the transportation and sale of narcotics. LONG frequently sent text messages highlighting when shipments, transported by WILBERT, of cocaine and marijuana were to be sent to CS #1. LONG would contact CS #1 regularly to discuss the "books," in which LONG would inquire about how many kilograms of cocaine CS #1 had and when CS #1 was going to mail out the proceeds. On July 26, 2022, LONG sent CS #1 a text message saying, "I have anything written down I'm so organized with these numbers right here," CS #1 substantiated that LONG keeps a ledger of the narcotics sales and proceeds. On several occasions LONG directed CS #1 to give additional kilograms of cocaine to PERRY. In one text message LONG said, "Yo bro you got one of them good ones my brother can come grab tomorrow morning." CS #1 confirmed that s/he gave PERRY additional kilograms of cocaine following that text message. LONG regularly discussed the need to deliver more kilograms of cocaine and would also notify CS #1 when packages of the narcotics proceeds were to be sent back to Los Angeles, California. CS #1 would text LONG images of FedEx receipts with

tracking numbers to show LONG that CS #1 had shipped the narcotics proceeds. These images were captured during the forensic analysis and were corroborated with CS #1 and FedEx historical records that were retrieved via subpoena. The text messages indicate that LONG facilitates and directs the shipments of cocaine.

15.     The proceeds from narcotics sales are collected by CS #1 and PERRY, then later mailed via FedEx. Listed on the shipping contents of the packages are high-dollar jewelry items, for example Rolex watches. CS #1 has acknowledged to have mailed upwards of $275,000 at one time. LONG emails CS #1 and PERRY invoices stating how much payment are due for the cocaine. The invoices have jewelry listed as the purchase item along with the fee listed for them. The affiant viewed the emails provided by CS #1; LONG is listed as the sender along with his email address; illdreams88@gmail.com. CS #1 was receiving an invoice from LONG approximately every week from LONG's email address. The invoices have the following businesses listed: JM Time Corp., Virgo Stones Jewelry Company, Ortho Lab, International Players Club Inc. (also IPC Jewelry), SB Stainless Settings, and Prestige Fine Metals. CS #1 detailed how jewelry is being used as code for the cocaine on the invoices to give the impression of a legitimate business transaction. After receiving the invoice, CS #1 will package currency in FedEx boxes with a preprinted shipping label. CS #1 and PERRY were being emailed preprinted shipping labels from LONG. From the present back to most of 2021, the recipient listed on the preprinted shipping labels was listed as John MARIN. Through database and record checks, MARIN is listed as the owner of JM Time Corp., Virgo Stones and Jewelry Company, and Ortho Lab. The FedEx packages

are taken by CS #1 to FedEx mailing facilities in the greater Milwaukee area and mailed priority overnight to locations in California, primarily the Los Angeles area. All of the above activities being violations of money laundering statutes of Title 18, United States Code, Sections 1956 (a)(1)(B)(i) knowingly conducting or attempting to conduct, a financial transaction with proceeds from specified unlawful activity with specific intent to conceal the nature, source, location, ownership, or control of proceeds and 1956(h) (money laundering conspiracy).

16. On September 29, 2022, the affiant applied for federal search warrant to Google LLC for the Gmail contents of LONG (illdreams88@gmail.com). The contents of LONG's Gmail account revealed he had been emailing CS #1 and PERRY invoices and shipping labels for narcotics payments to MARIN and several additional subjects and businesses. Narcotics proceeds were additionally being sent to Michael ALEMAN, Michelle SABRA, Graciela GONZALEZ CRUZ, and Fernando TALLEY. All subjects were using their business FedEx accounts to have narcotics proceeds sent to them. The search warrant of LONG's email revealed the aforementioned subjects would email LONG the shipping labels and invoices, LONG would forward the emails to CS #1 and PERRY. The affiant confirmed with CS #1 that all invoice emails from MARIN, ALEMAN, SABRA, GONZALEZ CRUZ, and TALLEY were debts for cocaine and marijuana that were delivered to him/her. Which CS #1 packaged and shipped large sums of currency to them via FedEx with the provided shipping labels CS #1 was emailed.

17.     On October 19, 2022, the affiant applied for a federal Tracking Warrant to authorize the installation and monitoring of a Global Positioning System (GPS) tracking device to be installed on WILBERT's 2019 White Ford Transit Van, bearing Arizona license plate number Z6A6CAA.  On November 17, 2022, WILBERT drove to Los Angeles, California in a white Ford transit van with Arizona License plate bearing Z6A6CAA.  WILBERT's vehicle GPS location was monitored by the affiant via the GPS tracker installed on his vehicle.  WILBERT made several stops in the greater Los Angeles area and later began to leave California driving northeast.  CS #1 was consulted about WILBERT's recent travel to California and CS #1 stated that WILBERT's travel was consistent with past travel for narcotics shipments.  WILBERT's van continued in a direction that was consistent with travel to Wisconsin.  On November 21, 2022, at approximately 9:00 a.m. WILBERT was vehicle stopped by the Waukesha County Drug Group for miscellaneous Wisconsin State law moving violations on Interstate 43 near the city of Mukwonago, Wisconsin.  This area is in the southeastern corner of Waukesha County, Wisconsin within the Eastern District of Wisconsin.  A K9 alerted to the presence of narcotics in the vehicle and the vehicle was later searched.  The search yielded 3.7 kilograms of cocaine/fentanyl mix, 23.22 kilograms of marijuana, and 889 grams of psilocybin.  All items were seized, and WILBERT was taken into custody.

18.     At approximately 10:41 a.m. on November 21, 2022, the affiant conducted an interview with WILBERT.  WILBERT was read his *Miranda* rights and verbally waived his right to counsel and agreed to speak to the affiant and case agents.

WILBERT said he drove to Los Angeles on November 18, 2022, where he contacted a man named "Red" who owns jewelry stores in the area. WILBERT was shown a photograph of MARIN, WILBERT identified "Red" as John MARIN based on the provided photograph. WILBERT stated that he picked up cocaine at a jewelry store on 831 S. Olive Street. The jewelry store at 831 S. Olive Steet is owned by MARIN and is called JM Time Corp. WILBERT stated that he transports cocaine for MARIN and has been doing so for the past three years. WILBERT stated he contacts MARIN by using WhatsApp, WILBERT showed the affiant a text thread in WhatsApp between him and MARIN. The affiant viewed the text thread which displayed MARIN giving WILBERT instructions on when and how to pick-up cocaine at JM Time Corp. WILBERT stated when he stopped in front of the jewelry store, MARIN's assistant walked out of the jewelry store carrying a medium-sized black tote with a yellow lid. He said the assistant put the tote in his van and walked back to the jewelry store. WILBERT said every time he has picked up narcotics from MARIN, the assistant always brought out the narcotics and always used the exact same type of tote to conceal the narcotics. It should be noted that the cocaine/fentanyl seized earlier on the vehicle stop was stored inside a medium-sized black tote with a yellow lid.

19.     WILBERT stated after he received the cocaine from MARIN, he drove south to Gardena, California. WILBERT said he stopped at a warehouse at the address of 1223 W El Segundo Blvd, Gardena, CA. He stated the address was where an unknown man named "C" told him to go to pick up a load of marijuana. WILBERT stated he was there for about an hour while a group of men canned and loaded

marijuana in his van. The marijuana seized earlier, was stored in large aluminum cans that were sealed. After the marijuana was loaded into his van, WILBERT stated that he left the area and began driving toward Wisconsin.

20.     WILBERT claimed he was going to drive to Milwaukee, Wisconsin to meet "BJ" to deliver the narcotics load. WILBERT was shown a photograph of PERRY, WILBERT identified "BJ" as Bobby PERRY based on the photograph he was shown. WILBERT stated that he was going to deliver the narcotics to PERRY's residence located at 3710 W. Good Hope Road, Milwaukee, Wisconsin. The address based on Wisconsin utilities has PERRY listed as the owner. WILBERT stated that for years he has delivered narcotics to PERRY and has delivered narcotics loads to PERRY's residence at 3710 W. Good Hope Road, Milwaukee, Wisconsin. He said that PERRY, LONG, CS #1, and him would coordinate cocaine shipments multiple times per month and have done so for over three years.

21.     Your affiant queried a Wisconsin Department of Transportation database for PERRY, and his Wisconsin driver's license lists the address of 3710 W. Good Hope Road, Milwaukee, Wisconsin.

22.     In September 2022, your affiant conducted surveillance of PERRY's residence at 3710 W. Good Hope Road, Milwaukee, Wisconsin. The affiant observed PERRY exit the residence at 3710 W. Good Hope Road and enter a silver Nissan Armada with Wisconsin license plate ADM1888, which he drove away in. The Nissan is registered to Tamika PERRY, who is related to Bobby PERRY and shares the residence. PERRY had a younger male passenger in the vehicle with him and drove to a

local business where the younger male was dropped off at. PERRY drove back to his address at 3710 W. Good Hope Road and entered the residence.

23. In November 2022, your affiant conducted surveillance of PERRY's residence at 3710 W. Good Hope Road. The affiant observed PERRY enter and drive the silver Nissan Armada with an elderly female passenger. PERRY drove to the east side of Milwaukee and was observed going into a physical therapy business with the elderly female. Utilities for 3710 W. Good Hope Road are listed to Tamika PERRY and have been active since 2015.

24. On January 10, 2023, your affiant conducted surveillance of PERRY's residence at 3710 W. Good Hope Road. Your affiant observed PERRY exit the residence at 3710 W. Good Hope Road and enter the aforementioned silver Nissan Armada and drive west on Good Hope Road. After approximately two hours, your affiant observed PERRY return to 3710 W. Good Hope Road. PERRY exited the Nissan Armada and walked to the end of his driveway. PERRY was walking around his driveway while using his cellular telephone. PERRY later walked to a door on the west side of the residence located at 3710 W. Good Hope Road and went inside the residence.

25. On January 19, 2023, your affiant applied for a federal search warrant for cellular location information for PERRY's cell phone, which revealed the available cellular telephone E-911 Phase II data, GPS data, and latitude-longitude data for PERRY's cellular telephone. Your affiant has monitored the GPS data for PERRY's cellular telephone, which reveals that PERRY's cellular telephone consistently is located in the near vicinity of 3710 W. Good Hope Road.

26. Toll analysis conducted on January 19, 2023, reveals that LONG's cell phone (323-523-3432) and PERRY's cell phone (414) 530-8582 have had recent communication with each other.

27. Based upon their training and experience and the investigation to date, case agents are aware that drug traffickers commonly maintain evidence of their drug trafficking, including drug ledgers, financial documents, U.S. currency, cellular telephones, customer contact information, jewelry or other items purchased with drug proceeds, in their homes or "stash" houses. Case agents are also aware it is common practice for individuals who are involved in business activities of any nature to maintain books and records of such business activities for lengthy periods of time. Because narcotics trafficking generates large sums of cash, it requires the keeping of detailed records as to the distribution of narcotics as well as the laundering of the proceeds. Such records also typically provide evidence as to the identity of additional criminal associates who are facilitating the laundering of the narcotics proceeds on behalf of the organization. These records, unlike controlled substances, are often maintained for long periods of time, even several years, based on case agents' training and experience. It is also common practice for individuals who maintain these records to keep them in places that are secure but easily accessible such as in their businesses, personal residences, or personal vehicles.

28. Based on my training, education, and experience, and discussions with other trained law enforcement personnel, along with information provided by sources of information and confidential sources, your affiant also knows the following:

a.      Drug traffickers often keep large amounts of United States currency on hand in order to maintain and finance their ongoing trafficking activities.  Traffickers commonly maintain such currency where they have ready access to it, such as in their homes and vehicles. It is also common for traffickers to possess drug proceeds and items purchased with proceeds in their homes and vehicles. Thus, it is common for currency, expensive jewelry, precious metals, or financial instruments to be found in the possession of drug traffickers.

b.      Traffickers often maintain paper records of their drug trafficking and money laundering activities.  Your Affiant knows that such records are commonly maintained for long periods of time and therefore are likely to be found at a drug trafficker's residence or trafficker's vehicles.

c.      Drug traffickers commonly use computers, cellular telephones, and other electronic devices to communicate with other drug traffickers and customers about drug-related activities through the use of telephone calls, text messages, email, chat rooms, social media, and other internet- and application-based communication forums. Moreover, drug traffickers commonly use other capabilities of computers and electronic devices to further their drug trafficking and money laundering activities. Therefore, evidence related to drug trafficking activity and money laundering activity is likely to be found on electronic storage media found in the **Subject Vehicles**, as further described below.  In addition, based on the facts above, your Affiant has reason to believe that cellular telephones were used to commit the drug trafficking offense described herein, and therefore those electronic devices constitute instrumentalities of

the criminal activity.

29. On January 24, 2023, the Honorable Judge Nancy Joseph, signed a federal search warrant for the residence located at 3710 W. Good Hope Road. On January 26, 2023, case agents executed the search warrant at the residence and recovered multiple pounds of marijuana, in tin cans, Tupperware containers, and vacuum sealed bags; as a Taurus semiautomatic handgun from PERRY's bedroom, and PERRY is a convicted felon, as well as U.S. currency in denominations consistent with street level drug trafficking. Case agents also identified two vehicles in the garage of the residence and one vehicle on the driveaway of the residence. The two vehicles in the garage are: **a Black 2008 Mercedes Benz CLS 500, WI plate 900-ZCS, VIN WDDDJ72X78A125087**, which is registered to PERRY at 3710 W. Good Hope Road; and **a 1984 Chevrolet Monte Carlo Coup, WI plate 199-ZAS, VIN 1G1AZ378XER213315**, which is registered to PERRY at 3710 W. Good Hope Road. Additionally, the vehicle parked on the driveway of the residence, which case agents have previously observed PERRY drive on numerous occasions, is a **2018 Nissan Armada silver, WI plate ADM1888; VIN JN8AY2NC0J9553759**, which is registered to Tamika Perry, at 3710 W. Good Hope Road.

30. Based on the above information and facts, your affiant submits there is probable cause to believe that located at and in the property described in Attachment A, there is evidence of drug trafficking and violations of under Title 21, United States Code, Sections 846, 841(a)(1) (conspiracy to distribute cocaine and distribution of cocaine), and violations of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and

1956(h) (money laundering and conspiracy to commit money laundering), and fruits, instrumentalities; and proceeds of these offenses, all of which is detailed more specifically in Attachment B, Items to be Seized.

## <u>ATTACHMENT A</u>

*Property to be searched*

1. **a Black 2008 Mercedes Benz CLS 500 WI plate 900-ZCS, VIN WDDDJ72X78A125087;**

2. **a 1984 Chevrolet Monte Carlo Coup, WI plate 199-ZAS, VIN 1G1AZ378XER213315**; and

3. **a 2018 silver Nissan Armada, WI plate ADM1888, VIN JN8AY2NC0J9553759.**

## **ATTACHMENT B**
### *Property to be seized*

All records relating to violations of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. .

§§ 1956(a)(1)(B)(i) and 1956(h), including but not limited to:

All bank records, checks, credit card bills, account information, and other financial records;

Financial records, documents, statements, or other evidence of control of bank or other financial accounts and investment funds, money order receipts, postal express or FedEx mail envelopes;

Lists of drug customers and related identifying information;

Types, amounts, and prices of drugs trafficked, as well as dates, places, and amounts of specific transactions;

Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

Indicia of residency;

Safes, vaults, or lock boxes used to store proceeds or records from these crimes;

Proceeds of drug trafficking activities, such as currency, crypto currency, precious metals, jewelry, and documents and deeds reflecting the purchase or lease of real estate, vehicles, precious metals, jewelry, or other items obtained with the proceeds of drug trafficking activities;

Records of off-site storage locations, including but not limited to safe deposit box keys and records, and records and receipts and rental agreements for storage facilities;

Records and information related to travel for purposes of drug trafficking, such as passports, airline tickets, bus tickets, vehicle rental receipts, credit card receipts;

U.S. Currency; and

Cellular telephones, desktop computers, laptop computers, tablets, other communication devices, and electronic storage devices (including but not limited to thumb drives, compact discs, DVDs, floppy discs, external hard drives), and all

electronic storage areas on the device including stored telephone numbers, recently called numbers list, text messages, digital audio and or video recordings, pictures, settings, and any other user defined settings and/ or data.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).